JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendants*
*Petrosian Esthetic Enterprises, LLC and*
*SEV Laser Aesthetics Chicago, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE FIRLEJ and HANIA ROUHANI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PETROSIAN ESTHETIC ENTERPRISES, LLC, and SEV LASER AESTHETICS CHICAGO, LLC,<br><br>Defendants. | Case No. 2:26-cv-01030<br><br>**DEFENDANTS PETROSIAN ESTHETIC ENTERPRISES, LLC AND SEV LASER AESTHETICS CHICAGO, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of Carrie Julier, Declaration of James H. Moon, and Proposed Order Filed Concurrently*]<br><br>Assigned to the Hon. Michelle Williams Court, Courtroom 6A<br><br>Date: June 12, 2026<br>Time: 1:30 p.m.<br><br>Action Filed: February 2, 2026 |



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, June 12, 2026, at 1:30 p.m., in Courtroom 6A of the above-captioned Court, located at the First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC (collectively, "SEV") will move, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, for an order compelling arbitration of the claims of Plaintiff Nicole Firlej asserted in her Complaint. SEV also moves for a stay of proceedings pending the completion of arbitration. *See* 9 U.S.C. § 3.

An arbitration agreement controls the underlying dispute between Ms. Firlej and SEV. Ms. Firlej asserts claims against SEV based on SEV's alleged data practices on its website, which Ms. Firlej used to book waxing appointments. But in booking her appointments and completing the attendant paperwork, Ms. Firlej assented to SEV's website Terms of Use, which include an arbitration clause that covers "any dispute, claim or controversy arising out of or relating to your use of or access to [the SEV] Site, Services, or SEV Content." SEV brings this motion on the grounds that Ms. Firlej's claims based on her SEV website bookings are subject to her agreement to arbitrate disputes relating to the use of that website.

This motion is based on this notice and motion; the attached Memorandum of Points and Authorities; the concurrently filed Declarations of Carrie Julier and James H. Moon; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 23, 2026.


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

DATED: May 6, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ *James H. Moon*
James H. Moon

*Attorneys for Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

- A. SEV, Its TOUs, and the Arbitration Agreement. ..... 1
- B. Ms. Firlej Agrees to the Arbitration Agreement. ..... 2
- C. Ms. Firlej Sues In this Court ..... 3

III. THE COURT SHOULD COMPEL ARBITRATION ..... 4

- A. Ms. Firlej Agreed to a Valid Arbitration Agreement. ..... 5
- B. Ms. Firlej Delegated Gateway Arbitrability Issues to the Arbitrator. ..... 6
- C. The Arbitration Agreement Encompasses This Dispute. ..... 8

IV. THE COURT SHOULD STAY THIS ACTION ..... 9

V. CONCLUSION ..... 9




DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Progress Fin. Co.*,
2014 WL 12605643 (C.D. Cal. May 15, 2014) .................... 8

*Archer v. Coinbase, Inc.*,
53 Cal. App. 5th 266 (2020) .................... 5

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) .................... 4

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) .................... 6

*Bazine v. Kelly Servs. Glob., LLC*,
2023 WL 4138252 (N.D. Cal. June 21, 2023) .................... 7

*Chin v. Thumbtack Inc.*,
2026 WL 807276 (N.D. Cal. Mar. 24, 2026) .................... 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) .................... 8, 9

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) .................... 4, 9

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) .................... 4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019) .................... 7

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024) .................... 4

*Hofer v. Emley*,
2019 WL 4575389 (N.D. Cal. Sept. 20, 2019) .................... 4

*Kohler v. Whaleco, Inc.*,
757 F. Supp. 3d 1112 (S.D. Cal. 2024) .................... 6



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985) .......... 4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .......... 8

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014) .......... 5

*Oberstein v. Live Nation Ent., Inc.*,
60 F.4th 505 (9th Cir. 2023) .......... 5, 6

*Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*,
795 F.2d 1501 (9th Cir. 1986) .......... 5

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) .......... 7

*Sadlock v. Walt Disney Co.*,
2023 WL 4869245 (N.D. Cal. July 31, 2023) .......... 9

*Sandler v. Modernizing Med., Inc.*,
170 F.4th 1209 (9th Cir. 2026) .......... 7

*Slaten v. Dick's Sporting Goods, Inc.*,
2024 WL 1136399 (C.D. Cal. Feb. 2, 2024) .......... 8

*Smith v. Inflection Risk Sols., LLC*,
2026 WL 622116 (N.D. Cal. Mar. 5, 2026) .......... 5

*Smith v. Spizzirri*,
601 U.S. 472 (2024) .......... 9

*Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*,
457 F.3d 1106 (9th Cir. 2006) .......... 5

*United States ex rel. Welch v. My Left Foot Childs. Therapy, LLC*,
871 F.3d 791 (9th Cir. 2017) .......... 4

*United States for Use & Benefit of New IEM, LLC v. Tri-Technic, Inc.*,
2020 WL 3493619 (N.D. Cal. June 27, 2020) .......... 8

*United States v. Sutcliffe*,
505 F.3d 944 (9th Cir. 2007) .......... 4



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Vega v. Tempoe, LLC*,
2021 WL 3615913 (C.D. Cal. Apr. 16, 2021) .................... 8

*Ziober v. BLB Res., Inc.*,
839 F.3d 814 (9th Cir. 2016) .................... 4

**Statutes**

9 U.S.C.
§ 2 .................... 4
§ 3 .................... 9

18 U.S.C. §§ 2510–2513 .................... 1

720 Ill. Comp. Stat. 5/14-1–5/14-9 .................... 1

**Rules**

JAMS Comprehensive Arbitration Rules & Procedures Rule 11(b) .................... 7

**Other Authorities**

Restatement (Second) of Conflict of Laws § 187(2) .................... 5



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Nicole Firlej complains that SEV's use of routine advertising and analytics tools on its website—used by countless websites—violated her privacy, the federal Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2523 and the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1–5/14-9. Her case, which is without merit, is one of thousands of similar claims that have flooded California courts. But this dispute does not belong in court because Ms. Firlej agreed she would arbitrate any dispute or claim relating in any way to her use of SEV's website and services when she agreed to SEV's Terms of Use ("TOUs"). The Court should compel arbitration and stay these proceedings pursuant to Ms. Firlej's agreement to arbitrate.

## II. BACKGROUND

### A. SEV, Its TOUs, and the Arbitration Agreement.

SEV is an aesthetic services company operating through locations nationwide and its website, sevlaser.com. Compl. ¶¶ 4, 27–28; Declaration of Carrie Julier ("SEV Decl.") ¶ 3. It offers a range of aesthetic treatments including Botox, dermal fillers, skin tightening, laser hair removal, and body contouring. SEV Decl. ¶ 3. SEV clients can browse cosmetic treatments and book appointments online at sevlaser.com. *Id.* In general, the client must complete forms that incorporate SEV's TOUs by reference. *Id.*; *see also id.*, Ex. A at 3.

The introduction to the TOUs discloses in **BOLDED, ALL CAPITALIZED** text that the TOUs contain a Dispute Resolution Provision, including a mandatory arbitration agreement:

[image on next page]



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

IMPORTANT, READ CAREFULLY – DISPUTE RESOLUTION. SECTION 20 OF THESE TERMS CONTAINS A DISPUTE RESOLUTION PROVISION THAT (I) REQUIRES YOU TO RESOLVE DISPUTES BETWEEN YOU AND SEV BY BINDING, INDIVIDUAL ARBITRATION; (II) LIMITS YOUR ABILITY TO SEEK RELIEF IN A COURT OF LAW; (III) WAIVES YOUR RIGHT TO PARTICIPATE IN CLASS ACTIONS, CLASS ARBITRATIONS, OR A JURY TRIAL; AND (IV) AND LIMITS THE TIME IN WHICH YOU MAY MAKE A CLAIM.

*Id.* ¶ 5.

The DISPUTE RESOLUTION section in turn reemphasizes that clients should "PLEASE READ THIS DISPUTE RESOLUTION PROVISION CAREFULLY." *Id.*, Ex. B at 6. It states in all capitalized text that, "BY AGREEING TO THESE TERMS, YOU AGREE TO RESOLVE ANY DISPUTE BETWEEN YOU AND SEV AS DESCRIBED IN THIS SECTION." *Id.* The Dispute Resolution section contains an arbitration agreement (Arbitration Agreement): "If you are unable to informally resolve any Dispute with SEV, … such Dispute shall be submitted to binding, confidential arbitration." *Id.* And the Arbitration Agreement further explains that the arbitration will be "administered by JAMS, and before a single arbitrator pursuant to JAMS's Comprehensive Arbitration Rules and Procedures." *Id.* "JAMS's Comprehensive Arbitration Rules and Procedures" is a hyperlink to those rules. *Id.*

The TOUs define a "Dispute" very broadly: "any dispute, claim or controversy arising out of or relating to your use of or access to [the SEV] Site, Services, or SEV Content, these Terms or the breach, termination, enforcement, interpretation, or validity of these Terms[.]" *Id.*.

**B. Ms. Firlej Agrees to the Arbitration Agreement.**

On July 21, 2025, Ms. Firlej booked an appointment with SEV. SEV Decl. ¶ 4. Upon booking that appointment, Ms. Firlej was sent a confirmation message instructing her to complete pre-appointment forms made available in a hyperlink to SEV's website. *Id.* On August 3, 2025, Ms. Firlej completed those forms, including an "[IL] Premises Consent Form – Club" ("Consent Form"). The first paragraph of


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

the Consent Form, directly below where Ms. Firlej input her name on the form, disclosed that it "IS A LEGALLY BINDING AGREEMENT. Read this document carefully and in its entirety. By signing this agreement, you give up your right to bring a court action to recover compensation or obtain any other remedy." *See id.*, Ex. A at 1. And in completing the Consent Form, Ms. Firlej affirmatively checked a box indicating that she had "read, agree[d] and understood this Premises Consent Form and Terms of Use available to [her] at the links provided below: • https://sevlaser.com/privacy-notice/ • https://sevlaser.com/terms." *Id.*, Ex. A at 3.


I represent that I am 18+ years of age and/or have a parent/legal guardian to represent me. I have read, agree and understood this Premises Consent Form and Terms of Use available to me at the links provided below: • https://sevlaser.com/privacy-notice/ • https://sevlaser.com/terms

The URLs "https://sevlaser.com/privacy-notice/" and "https://sevlaser.com/terms" are hyperlinks directing to SEV's Privacy Notice and TOUs, respectively. *Id.* ¶ 4.

**C. Ms. Firlej Sues In this Court.**

Ms. Firlej alleges that in "September 2025 and again in early January 2026," she booked waxing appointments with one of SEV's clinics through SEV's website. Compl. ¶¶ 16–17. She alleges that while she was booking her appointments, SEV's "[w]ebsite transmitted the Sensitive Health Information that she input into her appointment form" without her knowledge. *Id.* Despite her agreement to arbitrate this dispute, Ms. Firlej asserts claims in this Court alleging that routine marketing and website analytics tools used by SEV invaded her privacy, intercepted her communications in violation of ECPA, and constituted illegal "eavesdropping devices" under IEA. *Id.* ¶¶ 129–42, 171–97, 209–19. Ms. Firlej also alleges claims for negligence, breach of implied contract, and unjust enrichment. *Id.* ¶¶ 143–170. These claims are meritless. But regardless, this Court should hold Ms. Firlej to her promise to resolve this dispute in arbitration.


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

## III. THE COURT SHOULD COMPEL ARBITRATION

Under the FAA,[1] written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and courts are instructed to '"rigorously enforce' arbitration agreements according to their terms." *Ziober v. BLB Res., Inc.*, 839 F.3d 814, 817 (9th Cir. 2016) (citation omitted). Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements" and "to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The goal was "to ensure the enforcement of arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 334 (2011). An "emphatic federal policy [] favor[s] [] arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

"[A] [court's] role" on a motion to compel arbitration "is limited 'to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *United States ex rel. Welch v. My Left Foot Childs. Therapy, LLC*, 871 F.3d 791, 796 (9th Cir. 2017) (citation omitted). Where both elements exist, the FAA "leaves no place for the exercise of discretion …, but instead mandates that district courts *shall* direct" the case "to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

---

[1] The FAA applies because it "governs the enforceability of arbitration agreements in contracts involving interstate commerce," *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 706 (9th Cir. 2024), which is what Ms. Firlej alleges the TOUs do. *See* Compl. ¶ 31 ("[T]he acts giving rise to [Illinois citizen] Plaintiff [Ms.] Firlej's claims, including decisions regarding management of the Website and the incorporation of the Tracking Tools were purposefully directed from this District. Plaintiffs' claims arise directly out of and relate to Defendants' California-based conduct"). Moreover, because the transactions at issue required use of the internet, they affected interstate commerce. *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007); *Hofer v. Emley*, 2019 WL 4575389, at *12 (N.D. Cal. Sept. 20, 2019).



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

Both conditions are satisfied here: Ms. Firlej agreed to arbitrate her disputes by agreeing to SEV's valid Arbitration Agreement, and the broad Arbitration Agreement encompasses this dispute. In any event, the Arbitration Agreement delegates questions of arbitrability, such as scope, to the arbitrator.

### A. Ms. Firlej Agreed To a Valid Arbitration Agreement.

To determine whether an arbitration agreement exists, "federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citation omitted).

Under California law,[2] courts "consider … the parties' mutual, objective manifestations of assent." *Archer v. Coinbase, Inc.*, 53 Cal. App. 5th 266, 275 (2020). For online click-wrap agreements, like the one Ms. Firlej agreed to, "[a] user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023) (citation omitted). "A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it." *Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986); *see Smith v. Inflection Risk Sols., LLC*, 2026 WL 622116, at *7 (N.D. Cal. Mar. 5, 2026) ("Clickwrap agreements have been held to manifest assent, even on consumers who did not read them, because the

[2] "In determining what state law to apply, a federal court applies the choice-of-law rules of the state in which it sits." *Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006) (citation omitted). The TOUs include a choice-of-law provision selecting California law. SEV Decl., Ex. B at 5. "Under California law, the parties' choice of law will govern unless section 187(2) of the [Restatement] … dictates a different result." *Nguyen*, 763 F.3d at 1175. No exception under section 187(2) applies here. *Cf.* Restatement (Second) of Conflict of Laws § 187(2). Thus the Court should apply California law when evaluating whether a valid arbitration agreement exists between Ms. Firlej and SEV.



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

website has put the consumer on constructive notice of the contractual terms." (citation omitted)).

Here, Ms. Firlej agreed to the TOUs when she completed the Consent Form. *See* SEV Decl. ¶ 4 & Ex. A at 3. In completing the Consent Form, Ms. Firlej affirmatively checked a box adjacent to the text stating she "read, agree[d] and understood this Premises Consent Form and Terms of Use available to [her] at the links provided below: • https://sevlaser.com/privacy-notice/ • https://sevlaser.com/terms." SEV Decl., Ex. A at 3. And under California law, Ms. Firlej's checking of that box constitutes assent to the TOUs, and the Arbitration Agreement in them. *See, e.g., Oberstein*, 60 F.4th at 515 (affirming finding of assent where "webpage users are presented with a confirmation button above which text informs the user that, by clicking on this button, 'you agree to our Terms of Use'"); *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1124 (S.D. Cal. 2024) (finding assent where "consumers must affirmatively click the 'Continue' button to assent to [the defendants] Terms"); *Chin v. Thumbtack Inc.*, 2026 WL 807276, at *7 (N.D. Cal. Mar. 24, 2026) (same where the website "presented users with specified contractual terms on a pop-up screen, and users had to check a box explicitly stating 'I agree' in order to proceed" (citation modified)).

**B. Ms. Firlej Delegated Gateway Arbitrability Issues to the Arbitrator.**

Ms. Firlej agreed not only to arbitrate this dispute, but also to delegate gateway questions—such as enforceability or scope of the TOUs or the Arbitration Agreement—to the arbitrator in the first instance, so the Court should compel arbitration.

Parties may, by clear and unmistakable agreement, elect to have the arbitrator, rather than the court, decide which grievances are arbitrable. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). In the Ninth Circuit, "[i]ncorporation of the JAMS arbitration rules by reference constitutes clear and


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

unmistakable evidence that the parties agree to arbitrate arbitrability."[3] *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024); *Sandler v. Modernizing Med., Inc.*, 170 F.4th 1209, 1212 (9th Cir. 2026) ("The agreement incorporates the JAMS rules, which delegate the question of the agreement's validity to the arbitrator. That incorporation, we have held, evinces a 'clear and unmistakable' intent to delegate." (citation omitted)). Where such delegation occurs, "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue.").

Here, SEV's Arbitration Agreement clearly and unmistakably delegates gateway questions because it incorporates the JAMS Rules by stating that the arbitration will be "administered by JAMS, and before a single arbitrator pursuant to JAMS's Comprehensive Arbitration Rules and Procedures."[4] *See* SEV Decl., Ex. B at 6. Given that delegation, the Court "possesses no power to decide the arbitrability issue," and the dispute must be arbitrated. *Henry Schein*, 586 U.S. at 68.[5]

---

[3] Rule 11(b) of the JAMS Rules provides that "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." *See* Decl. of James Moon, Ex A. at 6.

[4] As displayed on SEV's website, the text "JAMS's Comprehensive Arbitration Rules and Procedures" is hyperlinked to the JAMS Rules.

[5] Ms. Firlej may argue the TOUs as a whole or the Arbitration Agreement they contain are invalid on the theory that they are unconscionable, but the parties delegated this question to the arbitrator, as explained above. *See Bazine v. Kelly Servs. Glob., LLC*, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023) ("where arbitrability has been delegated to the arbitrator, any challenge to the arbitration agreement based on unconscionability is for the arbitrator to address").


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

### C. The Arbitration Agreement Encompasses This Dispute.

In any event, even if the Court were required to reach the question of scope, Ms. Firlej's claims fall within the Arbitration Agreement because they are based on her use of SEV's website. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

SEV's TOUs require customers to arbitrate "*any dispute, claim or controversy* arising out of or *relating to* your use of or access to [the SEV] Site, Services, or SEV Content, these Terms or the breach, termination, enforcement, interpretation, or validity of these Terms." SEV Decl., Ex. B at 6 (emphasis added). An arbitration clause that encompasses "[a]ny dispute … or claim … relating to"—such as this Arbitration Agreement—reaches "broad and far." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000); *see Alvarez v. Progress Fin. Co.*, 2014 WL 12605643, at *7 (C.D. Cal. May 15, 2014) (compelling arbitration where "[t]he parties' arbitration agreement is broad, and covers '[a]ny and all claims, controversies, or disputes arising out of or related in any way to th[e] … Agreement'" (citation omitted)); *Vega v. Tempoe, LLC*, 2021 WL 3615913, at *2 (C.D. Cal. Apr. 16, 2021) (same where provision covered "[a]ll claims, disputes or controversies between us arising from or related in any way to the Lease or our relationship" (citation omitted)); *United States for Use & Benefit of New IEM, LLC v. Tri-Technic, Inc.*, 2020 WL 3493619, at *1 (N.D. Cal. June 27, 2020) (same where "broadly worded provision" covered '"[a]ny claim arising out of or related in any way to the purchase of goods or services'" (citation omitted)).

Moreover, Ms. Firlej's claims challenge advertising and analytics tools on SEV's website and are based on her visits to and booking of appointments on that website. Compl. ¶ 16. These claims "aris[e] out of or relat[e] to" her use of SEV's "Site[ and] Services," SEV Decl., Ex. B at 6, so they fall squarely within the Arbitration Agreement. *See Slaten v. Dick's Sporting Goods, Inc.*, 2024 WL


DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

1136399, at *1, 6 (C.D. Cal. Feb. 2, 2024) (enforcing arbitration agreement in online terms of use where plaintiff alleged online wiretapping violations arising from use of a retail website); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *13 (N.D. Cal. July 31, 2023) (same).

Ms. Firlej's claims fall within the scope of the Arbitration Agreement, so even if the Court reached the question of scope, the FAA would '"leave[] no place for the exercise of discretion by [the Court]'" but to compel arbitration. *Chiron*, 207 F.3d at 1131 (quoting *Dean Witter Reynolds*, 470 U.S. at 218).

## IV. THE COURT SHOULD STAY THIS ACTION

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); *see* 9 U.S.C. § 3 (courts, "upon being satisfied that the issue involved … is referable to arbitration … shall on application of one of the parties stay the trial of the action until such arbitration has been had"). The Court therefore should not only compel arbitration of Ms. Firlej's claims but also stay these proceedings as they pertain to her claims pending the resolution of that arbitration.

## V. CONCLUSION

SEV respectfully requests that the Court compel arbitration of Ms. Firlej's claims and stay this case as it pertains to her claims pending the arbitration.

DATED: May 6, 2026

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
SANCHO ACCORSI

By: /s/ *James H. Moon*
James H. Moon

*Attorneys for Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899