JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendants*
*Petrosian Esthetic Enterprises, LLC and*
*SEV Laser Aesthetics Chicago, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICOLE FIRLEJ and HANIA ROUHANI, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

PETROSIAN ESTHETIC ENTERPRISES, LLC, and SEV LASER AESTHETICS CHICAGO, LLC,

Defendants.

Case No. 2:26-cv-01030

**DEFENDANTS PETROSIAN ESTHETIC ENTERPRISES, LLC AND SEV LASER AESTHETICS CHICAGO, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Assigned to the Hon. Michelle Williams Court, Courtroom 6A

Date: June 12, 2026
Time: 1:30 p.m.

Action Filed: February 2, 2026



**DAVIS WRIGHT TREMAINE LLP**
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Ms. Firlej Agreed To a Valid Arbitration Agreement. ........ 1

1. Ms. Firlej's Authentication Argument Fails. ........ 1

2. Ms. Firlej's Notice Argument Fails. ........ 3

B. Ms. Firlej Delegated Arbitrability Issues to the Arbitrator. ........ 6

C. The Arbitration Agreement Encompasses This Dispute. ........ 7

D. The Arbitration Agreement Is Not Unconscionable. ........ 9

1. Ms. Firlej Did Not Prove Procedural Unconscionability. ........ 10

2. Ms. Firlej Did Not Prove Substantive Unconscionability. ........ 10

3. Any Unconscionable Provisions Can Be Severed. ........ 12

III. CONCLUSION ........ 12




DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .......... 9

*Attix v. Carrington Mortg. Servs, LLC*, 35 F.4th 1284 (11th Cir. 2022) .......... 9

*Ayala-Ventura v. Super. Ct. of Fresno Cnty.*, 119 Cal. App. 5th 241 (2026) .......... 10

*Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016) .......... 10, 11

*Bielski v. Coinbase, Inc.*, 87 F.4th 1003 (9th Cir. 2023) .......... 6

*Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019) .......... 9

*Bradley v. Harris Rsch., Inc.*, 275 F.3d 884 (9th Cir. 2001) .......... 10

*Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015) .......... 6, 10

*Britton v. Co-Op Banking Grp.*, 4 F.3d 742 (9th Cir. 1993) .......... 8

*Camreta v. Greene*, 563 U.S. 692 (2011) .......... 8

*Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021 (9th Cir. 2022) .......... 9

*Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025) .......... 5

*Cir. City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir. 2002) .......... 11





DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Doe v. Massage Envy Franchising, LLC*,
87 Cal. App. 5th 23 (2022) .......... 5

*Ellis v. Wallet Buddha LLC*,
2025 WL 4061562 (C.D. Cal. Dec. 29, 2025) .......... 2, 3

*Frank v. Tesla, Inc.*,
2022 WL 18284398 (C.D. Cal. June 27, 2022) .......... 12

*Hartranft v. Encore Cap. Grp., Inc.*,
543 F. Supp. 3d 893 (S.D. Cal. 2021) .......... 1

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019) .......... 7, 9

*Holl v. United Parcel Serv., Inc.*,
2017 WL 11520143 (N.D. Cal. Sept. 18, 2017) .......... 4

*Izett v. Crown Asset Mgmt., LLC*,
2019 WL 4845575 (N.D. Cal. Oct. 1, 2019) .......... 3

*Kalasho v. BMW of N. Am., LLC*,
520 F. Supp. 3d 1288 (S.D. Cal. 2021) .......... 2

*Khraibut v. Chahal*,
2016 WL 1070662 (N.D. Cal. Mar. 18, 2016) .......... 11

*Lewis v. Anschutz*,
2023 WL 8720297 (D. Mont. Nov. 22, 2023) .......... 8

*Lim v. TForce Logistics, LLC*,
8 F.4th 992 (9th Cir. 2021) .......... 11

*Little v. Auto Stiegler, Inc.*,
29 Cal. 4th 1064 (2003) .......... 12

*Morse v. ServiceMaster Global Holdings Inc.*,
2012 WL 4755035 (N.D. Cal. Oct. 4, 2012) .......... 8

*Mortensen v. Bresnan Commc'ns, LLC*,
722 F.3d 1151 (9th Cir. 2013) .......... 9

*Nanavati v. Adecco USA, Inc.*,
99 F. Supp. 3d 1072 (N.D. Cal. 2015) .......... 3



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Navarro v. SmileDirectClub, Inc.*,
2022 WL 1786582 (N.D. Cal. June 1, 2022)....4

*Olsen v. Unison Agreement Corp.*,
2023 WL 4492346 (W.D. Wash. June 27, 2023)....9

*Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*,
795 F.2d 1501 (9th Cir. 1986)....5

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024)....7, 9

*Peters v. Amazon Servs., LLC*,
669 F. App'x 487 (9th Cir. 2016)....8

*Pierre v. IEC Corp.*,
2023 WL 3551962 (C.D. Cal. Mar. 14, 2023)....2

*Pokorny v. Quixtar, Inc.*,
601 F.3d 987 (9th Cir. 2010)....11

*Pokrass v. The DirecTV Grp., Inc.*,
2008 WL 2897084 (C.D. Cal. July 14, 2008)....10

*Prostek v. Lincare Inc.*,
662 F. Supp. 3d 1100 (E.D. Cal. 2023)....3

*Rent-A-Ctr., W., Inc. v. Jackson*,
561 U.S. 63 (2010)....6, 9

*Ruiz v. Kelly Services Global, LLC*,
2026 WL 64283 (9th Cir. Jan. 8, 2026)....7

*Ruiz v. Moss Brothers Auto Group, Inc.*,
232 Cal. App. 4th 836 (2014)....3

*Sanchez v. Valencia Holding Co., LLC*,
61 Cal. 4th 899 (2015)....11

*Sandler v. Modernizing Med., Inc.*,
170 F.4th 1209 (9th Cir. 2026)....7

*Serafin v. Balco Props. Ltd.*,
235 Cal. App. 4th 165 (2015)....12



**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Shanley v. Tracy Logistics LLC*,
2025 WL 19012 (E.D. Cal. Jan. 2, 2025) .......... 2

*Smith v. JPMorgan Chase Bank, N.A.*,
2025 WL 1554370 (S.D. Cal. June 2, 2025) .......... 2

*Ting v. AT&T*,
319 F.3d 1126 (9th Cir. 2003) .......... 11

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) .......... 11, 12

**Statutes**

Cal. Civ. Code § 1670.15 .......... 8, 9

**Rules**

Fed. R. Evid. 101(a) .......... 3

Fed. R. Evid. 901 .......... 2

Fed. R. Evid. 1101 .......... 3



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Firlej agreed to arbitrate disputes with Defendants SEV when she signed the "[IL] Premises Consent Form – Club" ("Consent Form") and affirmatively indicated her assent to SEV's Terms of Use ("TOUs"). But rather than hold up her end of the bargain, Ms. Firlej brought her meritless challenge to SEV's routine use of analytics tools in this Court. Notably, Ms. Firlej does not dispute that she completed the Consent Form or that the signature on the Consent Form is her own. Rather, her Opposition, ECF No. 31 ("Opp."), argues SEV's CEO cannot authenticate SEV's own consent form and website, and that she did not have notice of the TOUs when she affirmatively clicked a box stating she "read, agree[d] and understood" the TOUs. *Id*. at 7. These arguments are unpersuasive and contrary to established law. Ms. Firlej assented to the Arbitration Provision, and in so doing delegated her remaining arguments to the arbitrator. Those arguments also fail, in any event. The Court should compel arbitration.

## II. ARGUMENT

### A. Ms. Firlej Agreed To a Valid Arbitration Agreement.

Ms. Firlej assented to the arbitration agreement in the TOUs when she signed the Consent Form. Her attempts to avoid her commitment—by challenging (1) authentication and (2) notice—fail.

#### 1. Ms. Firlej's Authentication Argument Fails.

Ms. Firlej first argues that the Declaration of Carrie Julier in Support of Defendants' Motion to Compel Arbitration and Motion to Dismiss ("SEV Decl."), ECF No. 27-1, fails to authenticate the Consent Form. Not so.

For starters, Ms. Firlej applies the wrong evidentiary standard. On a motion to compel arbitration, courts "consider the substance of evidence that would be admissible at trial even if the form of the evidence is improper so long as that same evidence may be admissible in another form." *Hartranft v. Encore Cap. Grp., Inc.*,



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

543 F. Supp. 3d 893, 914–15 (S.D. Cal. 2021); *accord Shanley v. Tracy Logistics LLC*, 2025 WL 19012, at *3 (E.D. Cal. Jan. 2, 2025). "[E]xcept in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that … there is a lack of personal knowledge" in the context of a motion to compel arbitration. *Smith v. JPMorgan Chase Bank, N.A.*, 2025 WL 1554370, at *7 (S.D. Cal. June 2, 2025) (citation modified). Thus, "objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate [on a motion to compel arbitration]." *Pierre v. IEC Corp.*, 2023 WL 3551962, at *4 n.1 (C.D. Cal. Mar. 14, 2023). The Court should reject Ms. Firlej's unsupported challenge to a contract that Ms. Firlej does not even deny filling out and signing.

In any event, Ms. Julier's declaration properly authenticates its exhibits under Federal Rule of Evidence 901, which requires only that the '"proponent [] produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" This burden "is 'not high,' and the district court 'must merely conclude that the jury could reasonably find that the evidence is authentic.'" *Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288, 1293 (S.D. Cal. 2021) (citation omitted). As explained in the declaration, as CEO of SEV, Ms. Julier is "familiar with the forms and agreements completed by customers prior to obtaining any services from [SEV] and with the customer interface for the website …, including the appointment booking process and the records SEV maintains." SEV Decl. ¶ 2. Thus, Ms. Julier's declaration adequately authenticates the Exhibits.

Ms. Firlej's cited cases are unhelpful. Ms. Firlej's characterization of *Ellis v. Wallet Buddha LLC*, 2025 WL 4061562 (C.D. Cal. Dec. 29, 2025), is misleading. *See* Opp. 3–4. The *Ellis* court only concluded that the CEO-declarant could not authenticate the contents of a *third-party* website, though he could testify to the plaintiff's activity on that website based on documents retained in the ordinary





DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

course of business. 2025 WL 4061562, at *3–6.[1] Ms. Firlej also relies on *Ruiz v. Moss Brothers Auto Group, Inc.*, 232 Cal. App. 4th 836 (2014), to argue that Ms. Julier's declaration fails to "establish how Defendants know 'the electronic signature was made by the plaintiff.'" Opp. at 4. But *Ruiz* is a California state court case interpreting California evidentiary rules, and "[i]n federal court, the federal rules of evidence apply." *Prostek v. Lincare Inc.*, 662 F. Supp. 3d 1100, 1111 (E.D. Cal. 2023) (citing Fed. R. Evid. 101(a), 1101; collecting cases). In any event, Ms. Julier explained that the Consent Form is the one "Ms. Firlej completed." SEV Decl. ¶ 4. And although Ms. Firlej challenges SEV's authentication process, she does not actually dispute that she completed the Consent Form or argue that the signatures on the form are not hers. *Cf. Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1076 (N.D. Cal. 2015) (declining to follow *Ruiz* and concluding there was no authentication issue where, among other things, party challenging authenticity of agreement "offer[ed] no evidence to suggest that he did not sign the Agreement"). Because Ms. Julier can competently testify to SEV's business records, and because Ms. Firlej does not dispute the signatures on the Consent Form are her own, Ms. Firlej's authentication argument fails.

**2. Ms. Firlej's Notice Argument Fails.**

Ms. Firlej argues that she did not have adequate notice of the Arbitration Agreement because the Consent Form (1) did not clearly identify the TOUs and (2) addressed on-site use of the SEV premises. Again, these arguments fail.

*First*, the Consent Form provided more than adequate notice of the TOUs. Ms. Firlej affirmatively checked a box directly adjacent to text stating she "read,

---

[1] Ms. Firlej states the Consent Form "was hosted on www.zenoti.com," Opp. at 6; but that is irrelevant because it is *SEV's form*, which SEV retains in its own business records, regardless whether Ms. Firlej accessed it through SEV's instance of a third-party booking platform. Ms. Julier can authenticate the fact that, and the process by which, clients like Ms. Firlej assent to SEV's own forms. *Izett v. Crown Asset Mgmt., LLC*, 2019 WL 4845575, at *3 (N.D. Cal. Oct. 1, 2019).



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

agree[d] and understood this Premises Consent Form and Terms of Use available to [her] at the links provided below: • https://sevlaser.com/privacy-notice/ • https://sevlaser.com/terms." Mot. at 5–6, ECF No. 27. The entire URL of the websites was provided, drawing attention to the fact they were links or could otherwise be used to access the TOUs and Privacy Notice. The hyperlinks were also in text immediately adjacent to the action box and presented using wording calling attention to the fact that they were hyperlinks. *See* SEV Decl., Ex. A at 3. And the hyperlinks themselves disclosed what they linked to—a "privacy-notice" and "terms"—such that a user would not be confused about what they would find if they clicked the link. If she went to the URLs provided or clicked those hyperlinks, Ms. Firlej would have been taken to the full-text of the TOUs and Privacy Notice, with the TOUs disclosing at the very top of the document in bolded, all-caps font, that they contain the Arbitration Agreement. *See id.*, Ex. B at 2. Ms. Firlej does not claim that she did not actually see the TOUs notice and related checkbox.

Ms. Firlej ignores SEV's cited cases holding that clicking a box or button constitutes assent to an agreement sufficient to form a valid, enforceable contract. *See* Mot. at 6 (collecting cases holding that clicking an action item manifested assent and enforcing clickwrap arbitration agreements); *see also Navarro v. SmileDirectClub, Inc.*, 2022 WL 1786582, at *3–4 (N.D. Cal. June 1, 2022) (user "required to affirmatively check a 'clickwrap checkbox'" manifested assent); *Holl v. United Parcel Serv., Inc.*, 2017 WL 11520143, at *5 (N.D. Cal. Sept. 18, 2017) ("clicking a checkbox indicating assent to" terms manifested assent).

Instead, she argues—based on cases not involving agreement through a checkbox—that the Consent Form should have "offset[] the notice text from the rest of the Premises Consent Form in a different color, font size, or font weight, such as by underlining or bolding the font to draw attention to them." Opp. at 7. But even in those instances, courts in the Ninth Circuit repeatedly reject attempts to apply "bright line test[s]" like font size and color to determine the adequacy of notice.



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1156–57 (9th Cir. 2025) (where the relevant hyperlinks were presented in plain-text and not as URLs, surveying cases discussing adequacy of notice). Here, the full URLs and express advisal that the hyperlinks were "links" provide ample and conspicuous notice of the TOUs.

*Second*, Ms. Firlej argues that she could not have known the TOUs were distinct from the Consent Form itself. *See* Opp. at 6–9. This argument ignores that the advisal explicitly distinguishes between the "Consent Form and Terms of Use." SEV Decl., Ex. A at 3. The advisal also informed Ms. Firlej that the TOUs were "available … at the links provided below," *id.*, which would be unnecessary if the TOUs were the same as the Consent Form. Finally, regardless whether the Consent Form addresses on-premises conduct, *see* Opp. at 7, it incorporates the TOUs by reference, and "[a] party who signs a contract is bound by its terms regardless of whether he reads it." *Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986).

Ms. Firlej's reliance on *Doe v. Massage Envy Franchising, LLC*, 87 Cal. App. 5th 23 (2022) is misplaced. There the plaintiff alleged she was sexually assaulted during a massage at an independently owned franchise. *Id.* at 26. The court declined to compel arbitration with the franchisor because the plaintiff did not reasonably know she was entering an agreement with the franchisor: she was rushed through a check-in process on a tablet (not her computer at home), the tablet suggested she was dealing only with the franchisee (with whom she already had a relationship), and the franchisor's role appeared only in hyperlinked terms she was not required to open. *Id.* at 26–29, 32–34. Ms. Firlej did not provide any declaration or evidence showing similar facts. The undisputed record instead shows that Ms. Firlej could complete the Consent Form before arriving at her appointment, *see* SEV Decl. ¶ 4, and the Consent Form refers to SEV in the first paragraph. *Id.*, Ex. A at 1. Ms. Firlej knowingly consented to the Arbitration Agreement, and the Court should compel arbitration of her claims.



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

**B. Ms. Firlej Delegated Arbitrability Issues to the Arbitrator.**

Having agreed to the Arbitration Agreement, which incorporates the JAMS Rules, Ms. Firlej also agreed to delegate gateway questions to the arbitrator in the first instance. *See* Mot. at 6–7. Ms. Firlej raises three contrary arguments. All fail.

*First*, Ms. Firlej argues she cannot be compelled to arbitrate threshold issues because she lacked adequate notice of the TOUs and they therefore cannot be enforced against her. As explained above, however, this argument fails.

*Second*, Ms. Firlej argues "[a]ny purported delegation provision in the JAMS Rules is unconscionable as presented in this Arbitration Clause in and of itself." Opp. at 10. As explained below, there is nothing unconscionable about the Arbitration Agreement. Regardless, Ms. Firlej argues the entire Arbitration Agreement, and not the delegation provision specifically, is unconscionable. *See id.* at 10 ("The Arbitration Clause and purported delegation provision therein is unconscionable."), 14–20 (arguing entire Agreement is unconscionable). And "since [Ms. Firlej] failed to 'make any arguments specific to the delegation provision, … [the Court] need not consider that claim.'" *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 74–75 (2010)); *see also Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023) ("[A] party may use the same arguments to challenge both the delegation provision and arbitration agreement, so long as the party *articulates why the argument invalidates each specific provision*." (emphasis added)).

*Third*, Ms. Firlej complains that "the Arbitration Clause says nothing about determination of gateway issues," Opp. at 11, but this ignores that it incorporates the JAMS Rules by reference. *See* SEV Decl., Ex. B at 6. As the Ninth Circuit has held, "[i]ncorporation of the JAMS arbitration rules by reference constitutes clear and unmistakable evidence that the parties agree to arbitrate arbitrability." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024).



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

The arbitration provision in *Ruiz v. Kelly Services Global, LLC*, *see* Opp. at 11, is distinguishable because it "contain[ed] no terms regarding arbitration of issues concerning the Agreement's 'interpretation, applicability, enforceability, or formation.'" 2026 WL 64283, at *1 (9th Cir. Jan. 8, 2026) (citation omitted). Ms. Firlej, however, agreed to arbitrate disputes over the "*enforcement, interpretation, or validity* of" the TOUs. SEV Decl., Ex. B at 6 (emphasis added).

Nor does her observation that the TOUs reference "permitted court[s]" and allow for the recovery of court costs undermine the parties' clear intent to delegate gateway issues to the arbitrator. *See* Opp. at 11. The Arbitration Agreement explicitly states that disputes within its scope "*shall be submitted*" to arbitration, SEV Decl., Ex. B at 6 (emphasis added), leaving no room for ambiguity as to the parties' intent to arbitrate covered disputes. *See Sandler v. Modernizing Med., Inc.*, 170 F.4th 1209, 1212–13 (9th Cir. 2026) (contracts can both delegate arbitrability and address contingencies in court).

**C. The Arbitration Agreement Encompasses This Dispute.**

Considering the Arbitration Agreement's provision delegating arbitrability issues to the arbitrator, the Court "possesses no power to decide the arbitrability issue," and Ms. Firlej's remaining arguments regarding scope and unconscionability must go to the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019); *see also Sandler*, 170 F.4th at 1212–14. Even if the Court considers Ms. Firlej's arguments, they all fail.

As to scope, Ms. Firlej argues that her claims fall outside the scope of the Arbitration Agreement because it does not apply retroactively or to her privacy claims. *See* Opp. at 2, 9–10, 12. But the Complaint alleges that Ms. Firlej also visited and booked an appointment through SEV's website "in early January 2026." *See* Compl. ¶ 16. And she pleads her claims collectively, at no point differentiating between any events occurring in July 2025 or January 2026. The Court should



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

therefore compel Ms. Firlej's claims to arbitration because, as alleged, her claims fall squarely within the Agreement.

*Morse v. ServiceMaster Global Holdings Inc.*, 2012 WL 4755035 (N.D. Cal. Oct. 4, 2012), which is not binding on this Court, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), does not dictate a different result. Ms. Firlej's fixation on the word "arising," Opp. at 12, ignores that the Arbitration Agreement broadly applies to "any dispute, claim or controversy arising out of *or relating to* … [SEV's] Site, Services, or SEV Content." SEV Decl., Ex. B at 6. This sweeping language requires arbitration of the "broadest possible" range of disputes with SEV. *Britton v. Co-Op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993). Such a "broad arbitration clause" covers any claims or disputes "and is not limited to prospective disagreements." *Peters v. Amazon Servs., LLC*, 669 F. App'x 487, 488 (9th Cir. 2016); *see Lewis v. Anschutz*, 2023 WL 8720297, at *6–7 (D. Mont. Nov. 22, 2023) (agreement "to arbitrate 'any legal or equitable claims arising out of or in connection with the employment'" applied retroactively (citation omitted)), *report and recommendation adopted*, 2023 WL 8716855 (D. Mont. Dec. 18, 2023).

Ms. Firlej's argument that the Arbitration Agreement does not cover her privacy claims is without merit. The TOUs define "Dispute" as "any dispute, claim or controversy arising out of or relating to your use of or access to [SEV's] Site [or] Services." *See* SEV Decl., Ex. B at 6. Ms. Firlej's privacy claims, which arise solely out of her access to and use of SEV's website, fit within that definition.

California Civil Code § 1670.15, *see* Opp. at 13–14, does not keep her claims in court. Section 1670.15 simply requires that dispute resolution provisions "shall be limited to the use, payment, or provision of the … service … provided by that consumer use agreement." Cal. Civ. Code § 1670.15(b). That is the case here. SEV seeks to apply the Arbitration Agreement to Ms. Firlej's claim that, when she was booking her appointments with SEV, SEV disclosed data about that booking process. SEV requires customers like Ms. Firlej to sign the Consent Form and





DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

assent to the TOUs in order to book an appointment. Because "the claim [Ms. Firlej] is pursuing arises from the specific transaction of the original contract," Opp. at 14 (quoting Judiciary Comm., Analysis of S.B. 82, 2025–2026 Reg. Sess., at 3 (Apr. 22, 2025)), section 1670.15 is not implicated. Even if it were, section 1670.15 is preempted because "[a]ny general state-law contract defense … that has a disproportionate effect on arbitration is displaced by the FAA." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1159 (9th Cir. 2013); *see Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 825 (9th Cir. 2019) (a "rule may be preempted if it 'stands as an obstacle to the accomplishment of the FAA's objectives'" (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Section 1670.15 disproportionately affects arbitration because parties are subject to court jurisdiction by default—they do not need a dispute resolution provision to file a lawsuit.

To be clear, both Ms. Firlej's retroactive scope argument and section 1670.15 argument are delegated to the arbitrator in the first instance. *Henry Schein*, 586 U.S. at 68; *Patrick*, 93 F.4th at 480. Whether a statute bars arbitration is a threshold issue that can be delegated to the arbitrator in the first instance. *See Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1034 (9th Cir. 2022) (whether statute barred arbitration "raise[d] exactly the type of threshold arbitrability issue that the parties have delegated"); *Olsen v. Unison Agreement Corp.*, 2023 WL 4492346, at *2 (W.D. Wash. June 27, 2023) (delegating question of "whether the parties' dispute falls within the scope of [the Dodd-Frank Act's] protections against arbitration"); *Attix v. Carrington Mortg. Servs, LLC*, 35 F.4th 1284, 1308 (11th Cir. 2022) (same).

### D. The Arbitration Agreement Is Not Unconscionable.

Ms. Firlej argues that the Arbitration Agreement is unconscionable. Because she raises no challenges *specific to the delegation provision*, these arguments are delegated to the arbitrator and the Court should not reach the issue. *See Rent-A-Ctr.*, 561 U.S. at 73–75; *Brennan*, 796 F.3d at 1133. Even if the Court considers Ms. Firlej's unconscionability arguments (it should not), they fail because she failed to





DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

meet her burden to prove "[b]oth procedural and substantive unconscionability." *Ayala-Ventura v. Super. Ct. of Fresno Cnty.*, 119 Cal. App. 5th 241, 252 (2026).

**1. Ms. Firlej Did Not Prove Procedural Unconscionability.**

At the outset, "California courts have consistently declined to find procedural unconscionability in contracts for nonessential recreational activities, and [Ms. Firlej] has presented no authority explaining why that rule should not apply in this case," *Pokrass v. The DirecTV Grp., Inc.*, 2008 WL 2897084, at *7 (C.D. Cal. July 14, 2008) (collecting cases), which arises from her elective aesthetics appointments. Compl. ¶ 16. Nonetheless, Ms. Firlej raises three arguments for why the Arbitration Agreement is procedurally unconscionable. All fail.

*First*, Ms. Firlej argues the Consent Form is an unconscionable adhesion contract, Opp. at 15, but adhesion contracts are "indispensable facts of modern life" and are "generally enforced." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016) (citation omitted).

*Second*, Ms. Firlej alleges no facts supporting her "bald assertion of inequality in bargaining power" between her and SEV. *Bradley v. Harris Rsch., Inc.*, 275 F.3d 884, 892 (9th Cir. 2001); *see* Opp. at 15–16. This "is an insufficient basis on which to find" the Arbitration Agreement unenforceable. *Bradley*, 275 F.3d at 892.

*Third*, Ms. Firlej's argument that the Arbitration Agreement is the product of surprise, *see* Opp. at 16–17, is redundant with her assent arguments, and fails for the reasons discussed above. Moreover, contrary to her assertions, the TOUs called out the importance of the Dispute Resolution Provision by disclosing the Provision's existence in bold, all capitalized text in the TOUs' introduction, and with all-capitalized text throughout the Provision itself, and also provided a hyperlink to the JAMS Rules. SEV Decl., Ex. B at 2, 6.

**2. Ms. Firlej Did Not Prove Substantive Unconscionability.**

Ms. Firlej also failed to meet her burden to prove substantive unconscionability. *Baltazar*, 62 Cal. 4th at 1244.





DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*First*, although the Arbitration Agreement does contain a fee-shifting provision, *see* Opp. at 17–18, it provides that "[t]he arbitrator *may, but shall not be obligated[] to* award" the prevailing party its arbitration fees. SEV Decl., Ex. B at 6 (emphasis added). Such a permissive fee-shifting arrangement, which only "puts signatories on notice that an arbitrator may award fees," is not substantively unconscionable. *Khraibut v. Chahal*, 2016 WL 1070662, at *12 (N.D. Cal. Mar. 18, 2016). This distinguishes the cases Ms. Firlej cites, which either involved a mandatory arbitration fee-splitting or fee-shifting provision, *see Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010); *Ting v. AT&T*, 319 F.3d 1126, 1152 (9th Cir. 2003); *Cir. City Stores, Inc. v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002); *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002–03 (9th Cir. 2021); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1024 (9th Cir. 2016), or required a party to pre-pay the other party's fees if they wanted to appeal the arbitrator's judgment. *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 917–18 (2015).

*Second*, the Arbitration Agreement is not unconscionably one-sided. *See* Opp. at 18–19. The Agreement requires SEV to resolve disputes through informal negotiations, SEV Decl., Ex. B at 6 ("The *parties* desire to resolve any dispute … through discussions and negotiations." (emphasis added)), and to arbitrate its disputes with customers. *Id.* ("if SEV raises a Dispute with you, such Dispute shall be submitted to … arbitration").

*Finally*, the forum-selection clause is not substantively unconscionable merely because it requires Ms. Firlej to bring her claims in Los Angeles. *See* Opp. at 19–20. Courts enforce forum-selection clauses unless "'the forum selected would be unavailable or unable to accomplish substantial justice.'" *Tompkins*, 840 F.3d at 1027 (citation omitted). California is neither of those things. Indeed, Ms. Firlej's voluntarily filing this lawsuit in this Court—in Los Angeles—shows that Los Angeles is not an unreasonable forum. Courts have "rejected the plaintiff's arguments that the clause was unenforceable because of the inconvenience and



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

expense of the forum." *Id.* Nothing about the forum-selection clause is unconscionable. *See id.* at 1029–30 (California forum-selection clause not unconscionable). Ms. Firlej fails to show substantive unconscionability.

**3. Any Unconscionable Provisions Can Be Severed.**

Even if any of the terms were unconscionable (they are not), "a court should sever an unconscionable provision unless the agreement is so 'permeated' by unconscionability that it cannot be cured by severance." *Serafin v. Balco Props. Ltd.*, 235 Cal. App. 4th 165, 183–84 (2015) (citation omitted). The Arbitration Agreement is not so "permeated" by unconscionability that it should be voided entirely. *See id.* (affirming severance of unconscionable provision and enforcing arbitration agreement); *Frank v. Tesla, Inc.*, 2022 WL 18284398, at *9 (C.D. Cal. June 27, 2022) (severing unconscionable provision and enforcing arbitration agreement), *aff'd*, 2026 WL 1195740 (9th Cir. May 1, 2026); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1074–76 (2003) (same).

## III. CONCLUSION

SEV respectfully requests that the Court compel arbitration of Ms. Firlej's claims and stay this case as it pertains to her claims pending the arbitration.

DATED: May 29, 2026

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
SANCHO ACCORSI

By: /s/ *James H. Moon*
James H. Moon

*Attorneys for Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899