JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendants*
*Petrosian Esthetic Enterprises, LLC and*
*SEV Laser Aesthetics Chicago, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE FIRLEJ and HANIA ROUHANI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PETROSIAN ESTHETIC ENTERPRISES, LLC, and SEV LASER AESTHETICS CHICAGO, LLC,<br><br>Defendants. | Case No. 2:26-cv-01030<br><br>**DEFENDANTS PETROSIAN ESTHETIC ENTERPRISES, LLC AND SEV LASER AESTHETICS CHICAGO, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[*Request for Judicial Notice and Proposed Order Filed Concurrently*]<br><br>Assigned to the Hon. Michelle Williams Court, Courtroom 6A<br><br>Date: September 4, 2026<br>Time: 1:30 p.m.<br><br>Compl. Filed: February 2, 2026<br>FAC Filed: July 9, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 4, 2026, in Courtroom 6A of the above-captioned Court, located at the First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC (collectively, "SEV") will move, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice Plaintiff Hania Rouhani's claims for violation of § 631 of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630–637.2, and breach of implied contract. The Court previously granted SEV's motion to dismiss these claims and granted Ms. Rouhani leave to amend. Even as amended, Ms. Rouhani's CIPA claim still fails because she cannot allege that Google read any of her allegedly intercepted communications while they were in transit, and her breach of implied contract claim still fails because she cannot allege consideration, mutual assent, or contract damages.

This motion is based on this notice and motion; the attached Memorandum of Points and Authorities; the concurrently filed Request for Judicial Notice; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 16, 2026.

DATED: July 23, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ *James H. Moon*
James H. Moon

*Attorneys for Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. Sevlaser.com, Like Most Websites, Uses Web Tools. ........ 2

B. Ms. Rouhani Books a Laser Hair Removal Appointment. ........ 2

C. Ms. Rouhani Sues Over SEV's Disclosed Data Practices. ........ 2

D. Ms. Rouhani Adds Next to No Facts in the FAC. ........ 3

III. THE COURT SHOULD DISMISS MS. ROUHANI'S CLAIMS ........ 4

A. Ms. Rouhani's CIPA Claim Still Fails. ........ 4

1. No "Reading." ........ 4

2. No Reading "While In Transit." ........ 7

B. Ms. Rouhani's Breach of Implied Contract Claim Still Fails. ........ 8

1. No Consideration. ........ 8

2. No Mutual Assent. ........ 9

3. No Damages. ........ 10

IV. CONCLUSION ........ 12




DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Animal Legal Def. Fund v. Mendes*,
160 Cal. App. 4th 136 (2008) ........ 11

*Austin-Spearman v. AARP & AARP Servs. Inc.*,
119 F. Supp. 3d 1 (D.D.C. 2015) ........ 9

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) ........ 10

*Beltran v. Drs. Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. June 9, 2025) ........ 8, 9

*Bittner v. United States*,
598 U.S. 85 (2023) ........ 6

*Dellasala v. Samba TV, Inc.*,
2026 WL 1138358 (N.D. Cal. Apr. 21, 2026) ........ 7

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ........ 4, 5, 6

*Donohue v. Apple, Inc.*,
871 F. Supp. 2d 913 (N.D. Cal. 2012) ........ 10

*Gardiner v. Walmart Inc.*,
2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ........ 11

*Gregory v. Spieker*,
110 Cal. 150 (1895) ........ 12

*Gutierrez v. Converse Inc.*,
2024 WL 3511648 (C.D. Cal. July 12, 2024) ........ 5, 6

*Horti v. Nestle Healthcare Nutrition, Inc.*,
2023 WL 8613601 (9th Cir. Dec. 13, 2023) ........ 12

*Huynh v. Quora, Inc.*,
2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ........ 9



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*In re LinkedIn User Priv. Litig.*,
932 F. Supp. 2d 1089 (N.D. Cal. 2013)..........9

*In re Zerbe*,
60 Cal. 2d 666 (1964)..........6

*K.L. v. Legacy Health*,
2024 WL 4794657 (D. Or. Nov. 14, 2024)..........9

*Kaar v. Wells Fargo Bank, N.A.*,
2016 WL 3068396 (N.D. Cal. June 1, 2016)..........10

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025)..........1, 6, 7

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023)..........7, 8

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)..........12

*Nguyen v. Nissan N. Am., Inc.*,
932 F.3d 811 (9th Cir. 2019)..........11

*Patriot Sci. Corp. v. Korodi*,
504 F. Supp. 2d 952 (S.D. Cal. 2007)..........10

*Progressive W. Ins. Co. v. Super. Ct.*,
135 Cal. App. 4th 263 (2005)..........10

*ProMex, LLC v. Hernandez*,
781 F. Supp. 2d 1013 (C.D. Cal. 2011)..........12

*R.C. v. Sussex Publishers, LLC*,
2025 WL 948060 (N.D. Cal. Mar. 28, 2025)..........8

*Ribas v. Clark*,
38 Cal. 3d 355 (1985)..........5

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022)..........5

*Rogers v. Ulrich*,
52 Cal. App. 3d 894 (1975)..........5



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025)....4, 5, 6

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023)....6

*Warden v. Kahn*,
99 Cal. App. 3d 805 (1979)....5, 6

*Weddington Prods., Inc. v. Flick*,
60 Cal. App. 4th 793 (1998)....9

*Williams v. DDR Media, LLC*,
2024 WL 4859078 (N.D. Cal. Nov. 20, 2024)....4, 5

*Yari v. Producers Guild of Am., Inc.*,
161 Cal. App. 4th 172 (2008)....8

**Statutes**

18 U.S.C. §§ 2510–2523....3

Cal. Civ. Code
§ 1621....8
§ 3300....12

Cal. Penal Code
§ 631....*passim*
§ 631(a)....1
§ 632....5
§ 632(a)....5



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Hania Rouhani challenges SEV's use of Google, LLC's advertising and analytics tools so widespread that even she admits they appear on 74% of all web traffic. The Court previously dismissed Ms. Rouhani's claims for (1) violation of the California Invasion of Privacy Act ("CIPA") and (2) breach of implied contract as alleged in the initial Complaint, ECF No. 1 ("Compl."), with leave to amend. *See* ECF No. 37, Order Granting Mot. to Dismiss ("Order"). Ms. Rouhani's First Amended Complaint, ECF No. 40 ("FAC"), does not cure the defects. The Court should again dismiss those claims, this time with prejudice.

*First*, Ms. Rouhani still fails to support her CIPA claim with factual allegations that Google read the contents of any of her communications. *See* Order at 8. To allege that Google read the contents of her communications, Ms. Rouhani must allege facts showing that Google took efforts to understand the substance of her communications. But while Ms. Rouhani adds the words "read," "learned," and "analyzed" to the FAC, she makes no new factual allegations supporting these bare conclusions. At most, Ms. Rouhani claims that Google *intercepted* her communications in transit, but she alleges no facts plausibly suggesting that Google *read* her communications "while … in transit." Cal. Penal Code § 631(a); *see Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025) (Court, J.) (dismissing § 631 claim for failing to allege reading in transit).

*Second*, Ms. Rouhani's breach of implied contract claim should be dismissed because she has not added facts regarding consideration, mutual assent, or contract damages. *See* Order at 13–14. The FAC adds allegations that she paid for laser hair removal services, but Ms. Rouhani still does not allege how any particular data practices were part of her bargain with SEV.

Because Ms. Rouhani has again failed to state viable CIPA or implied contract claims, they should be dismissed with prejudice.



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

## II. FACTUAL BACKGROUND

### A. Sevlaser.com, Like Most Websites, Uses Web Tools.

SEV is an aesthetic services company operating through locations nationwide and sevlaser.com, on which SEV clients can browse and book appointments. FAC ¶¶ 3–4. SEV uses analytic and advertising tools from Google ("Google Code") on its website. *See id.* ¶¶ 8, 11, 47. This practice is so common that Ms. Rouhani alleges Google's web tools "are present on 74-percent of all web traffic." *Id.* ¶ 40. Indeed, SEV's Notice of Privacy Practices ("Privacy Notice") openly states that SEV may disclose information from the website to third parties to "[r]un [SEV's] organization" and for "[m]arketing purposes." Request for Judicial Notice ("RJN"), Ex. A at "Our Uses and Disclosures."

### B. Ms. Rouhani Books a Laser Hair Removal Appointment.

The FAC alleges that, in January 2026, Ms. Rouhani visited the website to book an appointment. FAC ¶ 22. It alleges that Ms. Rouhani "spent approximately $1,200 for SEV's laser hair removal services," *id.* ¶ 23, "and provided [her] Sensitive Health Information to Defendants in exchange for" these services, *id.* ¶ 156—services that she does not dispute she received. Ms. Rouhani does not allege that she read SEV's Privacy Notice.

Ms. Rouhani alleges that, during this booking process, the Google Code on the website transmitted her browsing activity on SEV's public website and the fact that she booked an appointment. *See id.* ¶¶ 65–66 & Figs. 1–4. And although the FAC repeatedly alleges SEV "transmitted" this information to Google, *e.g.*, *id.* ¶¶ 17, 64–69, 206 & Figs. 1–4, it conspicuously does not allege how Google took any effort to understand the substantive meaning of Ms. Rouhani's communications, let alone before storing them.

### C. Ms. Rouhani Sues Over SEV's Disclosed Data Practices.

Based on the alleged use of the Google Code, Ms. Rouhani initiated this lawsuit on February 2, 2026. She alleged statutory claims under CIPA § 631 and



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

the federal Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2523, plus common law claims for invasion of privacy, negligence, breach of implied contract, and unjust enrichment.[1] Compl. ¶¶ 129–219.

SEV moved to dismiss Ms. Rouhani's claims. *See* ECF No. 28 ("Mot. to Dismiss"). The Court declined to dismiss Ms. Rouhani's claims for violations of ECPA, invasion of privacy, negligence, and unjust enrichment. But the Court dismissed the CIPA claim, reasoning that Ms. Rouhani had not alleged that Google "read" any communications. Order at 7–8. The Court also dismissed the implied contract claim on the grounds that Ms. Rouhani had not alleged consideration, assent, or damages. *Id.* at 13–14. The Court granted Ms. Rouhani leave to amend. *Id.* at 15.

### D. Ms. Rouhani Adds Next to No Facts in the FAC.

The FAC adds next to no new facts, and none that materially alter the Court's prior analysis on the CIPA or implied contract claims.

For instance, though the FAC now recites the elements of CIPA's reading in transit requirement by alleging Google "read[s]," "analyze[s]," or "learn[s]" the contents of communications on SEV's website, FAC ¶¶ 6, 7, 17, 20, 24, 27, 39, 70, 205, she provides no facts whatsoever supporting these conclusions. She does not allege that Google took any efforts to understand the substantive meaning of her communications or that any such efforts occurred before the communications were stored on Google's servers.

Neither does the FAC allege any facts suggesting that there was consideration, mutual assent, or damages for Ms. Rouhani's breach of implied contract claim. As to consideration, Ms. Rouhani now alleges that she "paid for"

---

[1] Co-plaintiff Nicole Firlej also brought a claim under the Illinois Eavesdropping Act. SEV moved to compel Ms. Firlej's claims to arbitration (which the Court granted). *See* ECF Nos. 27, 35 at 12. Her claims are stayed pending resolution of the arbitration.



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

SEV's "laser hair removal services," *id.* ¶¶ 23, 156, but not for a promise to keep her web browsing data from SEV's vendors. As to mutual assent, Ms. Rouhani does not allege that she reviewed SEV's Privacy Notice, and she adds no facts plausibly suggesting that SEV's objective, outward manifestations would lead a reasonable person to believe that it was promising not to use the Google Code. And as to damages, the FAC alleges that, had she known of SEV's data sharing practices, Ms. Rouhani "would have expected to be compensated or would have paid less to SEV for their services." FAC ¶ 86. But she does not allege that she bargained for data privacy or that SEV misrepresented its data sharing practices.

## III. THE COURT SHOULD DISMISS MS. ROUHANI'S CLAIMS

### A. Ms. Rouhani's CIPA Claim Still Fails.

#### 1. No "Reading."

Ms. Rouhani brings one claim for violation of CIPA § 631, alleging that SEV is liable for aiding and abetting Google in reading her communications in transit. *See* Order at 6–7. The Court previously dismissed this claim because Ms. Rouhani "failed to address Defendants' contention that the CAC does not 'allege that Google read the contents of any communications.'" *Id.* at 8 (quoting Mot. to Dismiss at 19 (citing ECF page numbers)). The Court reasoned that "reading" must mean "something more than just intercept[ing] the communication while it is in transit." *Id.* (quoting *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1116, 1118 (N.D. Cal. 2025)).

Many courts agree with this plain-text read of the statute and conclude that merely intercepting, recording, or sorting communications—even if done while in transit—does not rise to the level of "reading." Instead, courts conclude that "reading" means making "some effort at understanding the substantive meaning of the message, report, or communication." *Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *5 (N.D. Cal. Apr. 17, 2025) (quoting *Williams v. DDR Media, LLC*, 2024 WL 4859078, at *5 (N.D. Cal. Nov. 20, 2024)); *see* Order at 8 (citing *Torres*).



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

Notably, multiple courts have recognized that automated intercepting or sorting of data based on predetermined factors does not constitute an attempt to understand the substance of a communication. *See Eating Recovery*, 806 F. Supp. 3d at 1117 ("filtering process that simply sorts out certain data" not "reading"); *Torres*, 2025 WL 1135088, at *7 (data processing "depend[ing] on a set of pre-determined criteria that is mechanically deployed with no intelligible understanding of those values" not "reading" (citing *Williams*, 757 F. Supp. 3d at 995)). Even manipulating communications, such as by appending a unique identifier that could be used to "connect the dots between data," is not equivalent to understanding the substance of a communication. *Gutierrez v. Converse Inc.*, 2024 WL 3511648, at *8 (C.D. Cal. July 12, 2024), *aff'd*, 2025 WL 1895315 (9th Cir. July 9, 2025).

Beyond its plain text, § 631's role in CIPA more broadly establishes that "reading" must mean something more than intercepting, recording, or sorting. For background, CIPA § 632, not § 631 invoked here, governs the unannounced "recording" of a communication. Cal. Penal Code § 632(a) (criminalizing using a "device to eavesdrop upon or record [a] confidential communication"); *Rodriguez v. Google LLC*, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (CIPA § 632, not § 631, "covers improper recordings"); *Eating Recovery*, 806 F. Supp. 3d at 1118 (same). And, unlike § 631, § 632 prohibits even a party to a communication from recording the conversation without consent. *Warden v. Kahn*, 99 Cal. App. 3d 805, 812 (1979) (contrasting §§ 631 and 632); *see Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898 (1975) (holding party can record communication without violating § 631 because "a recording made by a participant does not intercept the message while it is in transit"). Thus, courts have interpreted § 631 "as a means of proscribing attempts to circumvent other aspects of [CIPA], *e.g.*, by requesting a secretary to secretly transcribe a conversation over an extension, rather than tape recording it in violation of section 632." *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985). All of this shows that a third party is not liable under § 631 for recording a conversation and listening in



**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

later—it must (at least for purposes of § 631) eavesdrop or "read" the contents of the communication while it takes place.

Moreover, "[s]ince we are dealing with a penal statute, language so ambiguous [as § 631's] should be interpreted in favor of the alleged violator." *Warden*, 99 Cal. App. 3d at 811 n.3 (addressing § 631). "'*[P]enal statutes* are to be construed strictly', and an individual 'is not to be subjected to a penalty unless the words of the statute plainly impose it.'" *Bittner v. United States*, 598 U.S. 85, 102 (2023) (Gorsuch, J., joined by Jackson, J.) (citation omitted); *see In re Zerbe*, 60 Cal. 2d 666, 668 (1964) (same principle).

Here, Ms. Rouhani makes two attempts to plausibly allege that Google "read" her communications with SEV.

*First*, she makes conclusory allegations that Google "analyze[s]," "learn[s]," or "reads" the contents of her communications. *Compare* Compl. ¶¶ 6, 7, 17, 20, 23, 26, 38 *with* FAC ¶¶ 6, 7, 17, 20, 24, 27, 39; *see also* FAC ¶¶ 70, 205, 210. But these new allegations just recite the elements of a § 631 claim, unsupported by any facts. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) (dismissing § 631 claim where complaint "d[id] little more than restate the pleading requirement of real time interception"); *Lewis*, 2025 WL 3687546, at *12 (dismissing § 631 claim for failing to plausibly allege "reading" element).

*Second*, the FAC adds that the Google Code allows Google "to compile a user's activity across the internet," FAC ¶ 62, and that "Google can link all of the user information collected by [the Google Code] to the user's identity." *Id.* ¶ 58. But merely compiling, *i.e.*, sorting or organizing data, is not an effort to understand the substance of a communication, *see Eating Recovery*, 806 F. Supp. 3d at 1117; *Torres*, 2025 WL 1135088, at *7, even if the organized data allows for Google to link together information about a user from across the internet. *See Gutierrez*, 2024 WL 3511648, at *8. Indeed, this Court recently dismissed a CIPA claim based on



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

similar allegations—that "trackers 'have collected browser and device data as well as identifying and addressing information'"—because this said "nothing regarding Defendant's attempt" to understand the substance of the communications. *Lewis*, 2025 WL 3687546, at *12. So too do Ms. Rouhani's conclusory allegations about Google's data compilation say nothing regarding its attempts to understand the substance of her communications.

**2. No Reading "While In Transit."**

Even if Ms. Rouhani had alleged that Google "reads" her communications, her CIPA § 631 claim should still be dismissed because she does not allege that any reading occurred while the communication was in transit. Although the Court ruled that "Plaintiff adequately defend[ed] the 'in transit' requirement," Order at 8 (citing ECF No. 33, Opp'n to Mot. to Dismiss ("Opp'n") at 17–18, 22 (citing ECF page numbers)), Ms. Rouhani's Opposition only addressed *interception* in transit and said nothing about whether Google *reads* any intercepted communications in transit. *See* Opp'n at 9–10, 14. And that distinction matters, because any reading of a communication after it is no longer in transit cannot support a CIPA § 631 claim. *Dellasala v. Samba TV, Inc.*, 2026 WL 1138358, at *6 (N.D. Cal. Apr. 21, 2026). CIPA differentiates between "what the third party does *during* the conversation and … what the third party does with the recorded transcripts *after* the conversation." *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1108 (C.D. Cal. 2023).

Given the FAC's allegations that Google "compiles," FAC ¶¶ 6, 62, user data across multiple "websites," *id.* ¶¶ 36–39, and "*across the internet*," *id.* ¶ 62 (emphasis added), there can be only one place where Google would be able to compile or analyze any collected user data—its own servers. Simply put, the FAC's allegations show that any "reading" occurs after the communications are on Google's servers, and not while they are in transit. This does not state a § 631 claim. *See Dellasala*, 2026 WL 1138358, at *6 (allegation of in-transit interception insufficient to state § 631 claim because fact "[t]hat [Defendant] processes the data



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

once it is on its servers suggests the contents are not 'read' or 'learned' while in transit"); *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *7 (N.D. Cal. Mar. 28, 2025) (dismissing § 631 claim where "Plaintiffs d[id] not plausibly allege Google view[ed] or read[] the information while it [was] in transit"); *see also Licea*, 659 F. Supp. 3d at 1108.

Because Ms. Rouhani has not alleged any facts showing that Google "read" her communications "in transit," the Court should dismiss her CIPA § 631 claim.

**B. Ms. Rouhani's Breach of Implied Contract Claim Still Fails.**

Ms. Rouhani also still fails to allege a breach of implied contract claim. "An implied contract is one, the existence and terms of which are manifested by conduct," Cal. Civ. Code § 1621, and therefore the elements of a breach of implied contract are the same as those for a breach of written contract, except that an implied contract is implied through conduct, not words. *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008) (stating rule for implied contract).

The Court previously dismissed Ms. Rouhani's breach of implied contract claim on three bases, none of which are cured by the FAC.

**1. No Consideration.**

First, the Court dismissed the implied contract claims because Ms. Rouhani had "not 'made any allegations regarding consideration received by Defendants for their purported promise to safeguard Plaintiff['s] information' and '[s]everal courts have specifically found that consideration is required for an implied contract claim regarding data security.'" Order at 13 (alterations in original) (quoting *Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467, at *12 (E.D. Cal. June 9, 2025)).

Ms. Rouhani's additional allegations that she "paid for" and "provided money" to SEV do not establish consideration. *Compare* Compl. ¶¶ 153–54 *with* FAC ¶¶ 156–57. Indeed, the FAC's allegations establish that those payments were for "services," FAC ¶ 156, and, more specifically, "laser hair removal services." *Id.* ¶ 23. Because Ms. Rouhani's payments to SEV were for the laser hair removal



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

services she received, those payments do not provide consideration for the alleged implied data privacy contract. *See In re LinkedIn User Priv. Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013) (subscription payment did not provide consideration for implied data privacy contract because "when a member purchase[d] a premium account upgrade, the bargain [was] not for a particular level of security, but actually for the advanced networking tools and capabilities to facilitate enhanced usage of LinkedIn's services"); *Austin-Spearman v. AARP & AARP Servs. Inc.*, 119 F. Supp. 3d 1, 12 (D.D.C. 2015) (organization membership fee did not provide consideration for alleged data privacy contract); *see also Huynh v. Quora, Inc.*, 2019 WL 11502875, at *10 (N.D. Cal. Dec. 19, 2019) (finding no breach of contract claim where the plaintiffs "ha[d] not shown that they paid anything for the asserted privacy protections"). Absent consideration there is no enforceable contract between Ms. Rouhani and SEV, providing a stand-alone basis for the Court to dismiss her breach of implied contract claim.

**2. No Mutual Assent.**

Second, Ms. Rouhani's breach of implied contract claim fails because she does not allege mutual assent. The Court previously dismissed the implied contract claim because Ms. Rouhani did "not allege [she] reviewed Defendants' privacy policies prior to using the Website." Order at 13 (alternation in original) (quoting *Beltran*, 2025 WL 1635467, at *12). The FAC still does not allege that Ms. Rouhani reviewed SEV's Privacy Notice. *See Beltran*¸ 2025 WL 1635467, at *12 (citing *K.L. v. Legacy Health*, 2024 WL 4794657, at *8 (D. Or. Nov. 14, 2024)).

Even if she had alleged that she read SEV's Privacy Notice, Ms. Rouhani's breach of implied contract claim should still be dismissed for lack of mutual assent. Mutual assent "is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998) (citation omitted). To state a claim for breach of contract, a plaintiff "must identify



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citing *Progressive W. Ins. Co. v. Super. Ct.*, 135 Cal. App. 4th 263, 281 (2005)); *see Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016) (same). Moreover, "an agreement lacking an essential term is not enforceable." *Patriot Sci. Corp. v. Korodi*, 504 F. Supp. 2d 952, 959 (S.D. Cal. 2007).

Ms. Rouhani alleges that when she entered her information into SEV's website, "they entered into an implied contract pursuant to which Defendants agreed to safeguard and not disclose the Sensitive Health Information without consent." FAC ¶ 156. But she has not alleged any term outlining how SEV agreed to safeguard and not disclose her data. Nor has she alleged how SEV's conduct implied a promise not to use tools like the Google Code or otherwise manifested consent to any supposed data privacy term. To the contrary, SEV *explicitly discloses* that it may "use or share [customer's] health information … [for] [m]arketing purposes [or the] [s]ale of [customers'] information." *See* RJN, Ex. A at "Our Uses and Disclosures." SEV's objective outward manifestations show that it did not intend to promise not to use the Google Code, and thus there can be no mutual assent for any implied data privacy contract.

Because Ms. Rouhani still fails to allege mutual assent, the Court should again dismiss her breach of implied contract claim.

**3. No Damages.**

Lastly, the Court previously dismissed Ms. Rouhani's implied contract claim for lack of damages because she had "not 'persuasively alleged that [she] reasonably expected that [she] would be compensated for the value of [her] personal information." Order at 13–14 (alterations in original) (quoting *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1068 (C.D. Cal. 2024)).

Ms. Rouhani's new allegation that she "would have expected to be compensated or would have paid less to SEV," FAC ¶ 86, does not save her implied



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

contract claim from dismissal. Indeed, Ms. Rouhani already alleged she "would not have used Defendants' services, or would have paid substantially less for" them had she known about the alleged disclosures, Compl. ¶ 158, but the Court correctly concluded this was not enough to plausibly allege contract damages. Order at 14. Regardless, whether construed as a "benefit of the bargain" or as an "overpayment" theory of damages, Ms. Rouhani's new allegations fall short.

***Benefit of the Bargain.*** Under a benefit of the bargain theory of damages, a plaintiff must allege that the product she actually received was worth less than the product for which she bargained. *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 820–21 & n.7 (9th Cir. 2019). But benefit of the bargain damages cannot be premised on a benefit the plaintiff assumed was part of the bargain; the benefit must have been expressly part of the parties' negotiations. *Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 146–47 (2008). Ms. Rouhani, however, "does not allege facts that [her SEV payments] included a sum understood by the parties to be allocated toward customer data protection." *Gardiner v. Walmart Inc.*, 2021 WL 2520103, at *6 (N.D. Cal. Mar. 5, 2021). To the contrary, her allegation that she "would have paid less to SEV" "[h]ad [she] known" about SEV's data sharing practices, FAC ¶ 86, establishes that any data sharing practices were not understood by the parties to be part of their transaction for laser hair removal services. In fact, SEV affirmatively represents that it may share data entered on its website to "[r]un [SEV's] organization" and for "[m]arketing purposes," and that SEV may "[sell] … your information." RJN, Ex. A at "Our Uses and Disclosures." Ms. Rouhani's implied contract claim thus cannot rest on a benefit of the bargain theory of damages.

***Overpayment.*** Ms. Rouhani's implied contract claim fares no better under an overpayment or "price premium" theory of damages. Overpayment damages arise only where plaintiffs "purchase[] a product they otherwise would not have bought but for the defendant's alleged misrepresentations." *Horti v. Nestle Healthcare*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Nutrition, Inc.*, 2023 WL 8613601, at *1 (9th Cir. Dec. 13, 2023); *see Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (similar). There are, however, no allegations in the FAC of any misrepresentations by SEV regarding its data sharing practices. And as noted, SEV disclosed its data sharing practices. *See* RJN, Ex. A at "Our Uses and Disclosures." Ms. Rouhani's implied contract claim fails to allege overpayment damages.

Additionally, the fact that Ms. Rouhani now adds that her data was "used for profit" by SEV, FAC ¶ 161; *see id.* ¶ 159 (same), changes nothing because a defendant's profits are irrelevant to contract damages. Contract damages are limited to "compensat[ing] the party aggrieved for all the detriment proximately caused" by the breach. Cal. Civ. Code § 3300; *see Gregory v. Spieker*, 110 Cal. 150, 155 (1895) ("the measure [of contract damages], expressed generally, is the value of the business lost to plaintiff—not the gain of defendant"); *accord ProMex, LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011).

In sum, the Court should again dismiss Ms. Rouhani's breach of implied contract claim because her allegations are insufficient under any damages theory.

## IV. CONCLUSION

For the foregoing reasons, SEV respectfully requests that the Court dismiss Ms. Rouhani's CIPA and breach of implied contract claims. Because the Court previously gave Ms. Rouhani leave to amend, dismissal should be with prejudice. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1190–91 (9th Cir. 2024)

DATED: July 23, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ *James H. Moon*
James H. Moon

*Attorneys for Defendants Petrosian Esthetic Enterprises, LLC and SEV Laser Aesthetics Chicago, LLC*



DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899